# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Brittany Bradley and Tamia Britnie Corbitt, | ) )  )  ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Centraarchy Restaurant Management Company, | ) ) ) ) |
| Defendant. | ) ) |

C.A. No.: 2:15-cv-1218-PMD

**ORDER**

This matter is before the court on Defendant Centraarchy Restaurant Management Company's motion to confirm the arbitrator's award (ECF No. 37). For the reasons set forth herein, the Court grants Defendant's motion and confirms the arbitrator's award.

## BACKGROUND/PROCEDURAL HISTORY

This FLSA action arises out of Plaintiffs' allegations that service bartenders at Defendant's California Dreaming restaurants were not eligible to participate in those restaurants' tip pools, and that Defendant's use of the FLSA's tip credit provision was therefore invalid. Plaintiffs brought suit in this Court on March 16, 2015. By consent of the parties, the Court granted Defendant's motion to compel arbitration on July 30, 2015. The arbitrator issued her award on August 23, 2017, and Defendant filed the instant motion on August 30. Plaintiffs' response was due on September 13, but no response has been filed to date.

## LEGAL STANDARD

Section 9 of the Federal Arbitration Act ("FAA") provides that when the parties agree in their arbitration agreement that the Court will enter a judgment after the arbitrator's award, a party to the arbitration may apply for an order confirming the award any time within one year after the

arbitration award is made.  9 U.S.C. § 9.  The Court must confirm the arbitration award "unless the award is vacated, modified, or corrected pursuant to sections 10 or 11 of [the FAA]."  9 U.S.C. § 9.  When reviewing an arbitrator's decision, the Court must "'determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it.'"  *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (quoting *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000)).

## DISCUSSION

The parties' arbitration agreement specifies that the arbitrator's award must be confirmed by a court.  Accordingly, Defendant filed the instant motion.  Plaintiffs have not filed any response to Defendant's motion and have not moved to vacate, modify, or correct the arbitrator's award.  The Court has independently reviewed the arbitrator's award to determine if she did her job, and the Court concludes that she did.  Accordingly, the Court grants Defendant's unopposed motion and confirms the arbitrator's award.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's motion to confirm the arbitration award is **GRANTED**.

**AND IT IS SO ORDERED.**

*PATRICK MICHAEL DUFFY*
United States District Judge

**September 22, 2017**
**Charleston, South Carolina**

2